5442-686
LMD/ERM/pma

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ANTHONY IBEKIE (55105-424),     )
     )
    Plaintiff,     )
     )
   vs.     )    Case No. 25-cv-50044
     )    Honorable Iain D. Johnston
CAPTAIN OWENS, TRICIA CORRIGAN RN,  )   Magistrate Margaret J. Schneider
and AMY JOHNSON, STAFF NURSE,   )
     )
   Defendants.     )

**<u>DEFENDANTS TRICIA CORRIGAN, NP AND AMY JOHNSON, RN'S</u>**
**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**
**<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(C)</u>**

NOW COME the Defendants, TRICIA CORRIGAN, NP, (incorrectly named as TRICIA

CORRIGAN RN), and AMY JOHNSON, RN, by and through their attorneys, HEYL, ROYSTER,

VOELKER & ALLEN, P.C., and for their Motion for Judgment on the Pleadings Pursuant to

Federal Rule of Civil Procedure Rule 12(c), state as follows:

**<u>Introduction</u>**

Plaintiff Anthony Ibekie, a federal prisoner currently incarcerated at the Thomson

Federal Correctional Institution brought this lawsuit pursuant to § 1983 of the Civil Rights

Act. As set forth in the Court's Merit Review Order, the Court permitted Plaintiff to proceed

with his claims against Captain Owens, Tricia Corrigan, NP, and Amy Johnson, RN, for

allegedly providing constitutionally inadequate medical care while Plaintiff was

incarcerated at the Winnebago County Jail. (ECF No. 26).

Plaintiff alleges that, on an unspecified day in March 2021, he experienced symptoms associated with a stroke, including increased blood pressure, slurred speech, and asymmetric facial droop. (ECF No. 27, ¶¶ 24–26). Nurse Johnson addressed the medical emergency, placed him in a camera cell at the Winnebago County Jail, and informed him that someone had directed her not to send him to the hospital. (*Id*. ¶¶ 27–28). Around 11:00 a.m., staff took Plaintiff to the Jail Clinic, where NP Corrigan, Co-Defendant Captain Owens, and other correctional officers were present. (*Id*. ¶ 29). After four hours of observation, "they" determined that Plaintiff was malingering. (*Id*. ¶ 30). At some point, NP Corrigan performed an EKG and notified Captain Owens that staff should take Plaintiff to the emergency room. (*Id*. ¶ 30). Captain Owens allegedly ordered staff to transport Plaintiff in a non-emergency vehicle. (*Id*. ¶ 31). The emergency physician reported an elevated cardiac troponin level, indicating a myocardial infarction, or heart attack. (*Id*. ¶ 32). According to Plaintiff, the physician could not administer TPA because Plaintiff was outside the three-hour window for receiving it. (*Id*. ¶ 34). Plaintiff alleges that the hospital admitted him to the Cardiac ICU for five days and later discharged him to the Winnebago County Jail. (*Id*. ¶ 35).

Plaintiff further alleges that the Defendants failed to fulfill their responsibilities regarding detainees' medical needs and that Captain Owens's actions caused Plaintiff to leave the hospital using a walker and a cane; Plaintiff claims he never became physically whole again. (*Id*., ¶ 37). Plaintiff also alleges that he continued to

experience multiple ischemic attacks and other unspecified medical conditions, but NP Corrigan instructed a night nurse not to take him to the hospital. (*Id.*, ¶ 39).

Plaintiff attempts to rely on his contention that, in or around November 2023, he filed a complaint with medical staff and that, in November 2024, he learned of a "right to seek damages." (*Id.*, ¶ 41). However, based on his own allegations, Plaintiff knew of his alleged injury and its alleged causes by March 2021. (*Id.*, ¶ 24). Despite that knowledge, Plaintiff did not file this action until January 7, 2025. (ECF No. 27).

For the reasons stated herein, Plaintiff's claims against NP Corrigan and Nurse Johnson should be dismissed with prejudice because they are barred by the applicable statute of limitations.

## Legal Standard

Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") permits a party to move for judgment on the pleadings after the parties have filed the complaint and answer. Fed. R. Civ. P. R. 12(c). A court may grant judgment on the pleadings when the pleadings show no material dispute of fact and establish that the movant is entitled to judgment as a matter of law. *Id.* A court applies the same standard to a motion for judgment on the pleadings as it applies to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)).

A two-year statute of limitations applies to § 1983 claims in Illinois. *See Lewis v. City of Chicago,* 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of

limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.") (*citing* 735 ILCS 5/13-202). A § 1983 claim generally accrues when the plaintiff knows or should have known that his constitutional rights have been violated. *Janus v. Am. Fed'n of State, Cty. & Mun. Emps., Council 31; AFL-CIO*, 942 F.3d 352, 361 (7th Cir. 2019). A § 1983 claim accrues when the plaintiff "discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Devborw v. Kalu,* 705 F.3d 765 (7th Cir. 2013). A plaintiff's ignorance of his legal rights does not affect the accrual of his claim for statute of limitations purposes. *Tobey v. Chibucos,* 890 F.3d 634, 646 (7th Cir. 2018) (*citing Massey v. U.S.*, 312 F.3d 272, 276 (7th Cir. 2002)).

Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim. *Cada v. Baxter Healthcare Corp.* 920 F.2d 446, 451 (7th Cir. 1990). Equitable tolling focuses on whether the plaintiff exercised due diligence but was nevertheless unable to determine information needed to bring a claim. *Smith v. City of Chicago Heights,* 951 F.2d 834, 839 (7th Cir. 1992). Plaintiff bears the burden to show both diligence and extraordinary circumstances. *Herrera v. Cleveland,* 8 F.4th 493, 499 (7th Cir. 2021). Equitable tolling is rare and courts extend such relief only sparingly. *Xanthopoulos*, *Xanthopoulos v. U.S. Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021) (quotation omitted).

Incarceration alone "does not qualify as an extraordinary circumstance." *Brimage v. Fowler*, No. 15 C 4970, 2020 WL 5979605, at *4 (N.D. Ill. Oct. 8, 2020) (quoting *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014)). Instead, extraordinary barriers might include

"legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Dandridge v. Cook County*, No. 12-CV-5458, 2013 WL 3421834, at *9 (N.D. Ill. July 8, 2013). The Seventh Circuit has found several circumstances in which equitable tolling is not justified. *See e.g. Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002) (prisoner's lack of access to trial transcript does not warrant equitable tolling); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, prisoner's ignorance of the law, and transfer between prisons), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). Other circuits have also identified circumstances that are not so extraordinary as to justify equitable tolling. *See, e.g., Rouse v. Lee*, 339 F.3d 238, 248-50 (4th Cir. 2003) (ruling that time limits should not be tolled based on prisoner's medical condition or attorney's mistake of law); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding that prisoner's inability to understand English does not warrant tolling if the limitation did not prevent access to courts).

A federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process. *Johnson v. Rivera,* 272 F.3d 519, 522 (7th Cir. 2001); 42 U.S.C. § 1997e(a).

**<u>Legal Argument</u>**

**I.       Plaintiff's Claims Against Tricia Corrigan, NP, and Amy Johnson, RN, Are Time-Barred Because Plaintiff Became Aware of His Alleged Injuries in March 2021 but Did Not File His Complaint Until January 2025, After the Statute of Limitations for a § 1983 Claim for Constitutionally Inadequate Medical Care Had Expired.**

Plaintiff's Complaint provides significant details about the allegedly constitutionally inadequate medical care that NP Corrigan and Nurse Johnson provided in March 2021, including his initial symptoms, his interactions with Nurse Johnson, NP Corrigan's observation of him, the testing NP Corrigan performed, and the delay both medical providers allegedly caused. Plaintiff further alleges that, on an unspecified day in March 2021, an emergency provider reported an elevated cardiac troponin level, indicating a myocardial infarction, or heart attack, and that he never became physically whole again after his five-day hospital stay. Plaintiff's own allegations establish that, by the unspecified date in March of 2021, he knew of the alleged physical injuries on which he bases his constitutionally inadequate medical care claim and further believed there to be a delay in his care which impacted his condition.

Based on his own allegations, Plaintiff's claims accrued in March of 2021, on the day he alleges that NP Corrigan and Nurse Johnson placed him under observation instead of providing adequate medical treatment. Assuming this care took place at the latest date possible in March, the two-year limitations period for Plaintiff's § 1983 claims against NP Corrigan and Nurse Johnson expired in March of 2023, or March 31, 2023, at the latest.

Plaintiff did not file his Complaint until January 7, 2025, after the applicable statute of limitations for a § 1983 claim for constitutionally inadequate medical care had expired. Therefore, Plaintiff's claims against NP Corrigan and Nurse Johnson are time-barred by the applicable statute of limitations unless an exception, such as equitable tolling, applies.

**II. Plaintiff Is Not Entitled to Equitable Tolling Because He Cannot Demonstrate That He Attempted to File a Complaint Before January 2025 or That Extraordinary Circumstances Prevented Him from Pursuing His Claim.**

As stated above and alleged in his Complaint, Plaintiff understood he sustained an injury in March of 2021, when he alleges that he suffered a heart attack and sustained permanent damages as a result of NP Corrigan and Nurse Johnson failing to provide adequate and timely medical care. Despite this knowledge, Plaintiff offers only one reason for failing to file within the applicable limitations period: he did not realize that he had the legal right to file a lawsuit against NP Corrigan and Nurse Johnson for alleged unconstitutional conduct.

For equitable tolling to apply, a plaintiff must demonstrate that he diligently attempted to file a complaint and that extraordinary circumstances prevented him from doing so. Plaintiff alleges no other attempt to file a complaint within the two-year statute of limitations and identifies no extraordinary circumstance that prevented him from timely filing his Complaint, other than legal ignorance. The Seventh Circuit has held that ignorance of the law, incarceration, and prison transfers do not warrant equitable tolling. As pled, Plaintiff acknowledges that he knew of the potential injury and allegedly delayed medical care in March of 2021. He has otherwise

7

failed to plead any circumstance which would toll the statute of limitations. Therefore, the statute of limitations to file this § 1983 against NP Corrigan and RN Johnson was two-year years from the date of alleged care (March 31, 2021), and Plaintiff's claims must now be barred by the statue of limitations.

**III.     Plaintiff Has Not Demonstrated That He Exhausted His Administrative Remedies as Required by the Prison Litigation Reform Act (PLRA), Which Would Ordinarily Toll the Statute of Limitations for His Claim.**

Under the PLRA, the statute of limitations may be tolled while an inmate properly exhausts administrative remedies. It is well established, however, that tolling does not revive claims that expired under the applicable statute of limitations.

Plaintiff's allegation that he filed a "complaint" with medical staff in November 2023 does not establish that he exhausted his administrative remedies. Plaintiff alleges no additional facts describing the substance of the complaint or showing that he submitted it in accordance with the Winnebago County Jail's relevant grievance procedures. Additionally, NP Corrigan's and Nurse Johnson's alleged conduct occurred in March of 2021, placing the November 2023 "complaint" more than six months outside the applicable limitations period. Therefore, Plaintiff's alleged "complaint" does not toll the applicable statute of limitations or revive already-expired claims, and his claims are barred by the applicable statute of limitations.

**Conclusion**

For the reasons stated herein, Plaintiff's Complaint, filed on January 7, 2025, for conduct that took place in March of 2021, is barred by the applicable two-year statute of limitations and judgement should be entered in NP Corrigan and Nurse Johnson's favor on Plaintiff's claims against them pursuant to Rule 12(c).

WHEREFORE, Defendants, TRICIA CORRIGAN, NP (incorrectly named as TRICIA CORRIGAN, RN), and AMY JOHNSON, RN respectfully request that this Court enter an order granting their Motion for Judgment on the Pleadings Pursuant to the Federal Rules of Civil Procedure Rule 12(c), and for any further relief this Court deems appropriate.

TRICIA CORRIGAN, NP, (incorrectly named as
TRICIA CORRIGAN, RN), and
AMY JOHNSON, RN, Defendants

By: _____/s/ Emma Grace F. Redmond-Mattucci_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Lindsey M. D'Agnolo, ARDC #6305693
Emma Grace Redmond-Mattucci,
ARDC #6349703

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
1252 Bell Valley Road, Suite 310
Rockford, Illinois 61108
Telephone (815) 963-4454
Primary Email: rckecf@heylroyster.com
Secondary Email: ldagnolo@heylroyster.com
Secondary Email: eredmondmattucci@heylroyster.com

9

## CERTIFICATE OF FILING AND PROOF OF SERVICE

The undersigned hereby certifies that on July 21, 2026, the foregoing Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure Rule 12(c) was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

I also hereby certify that on July 21, 2026, I mailed by United States Postal Service, the document to the following non-registered participant:

**Plaintiff, Pro-Se**  
*Via Certified Mail*  
Anthony Ibekie (55105-424)  
FCI Thomson  
Federal Correctional Institution  
P.O. Box 1002  
Thomson, IL 61285  
**LEGAL MAIL – "SPECIAL MAIL"**

**Defendant, Captain Owens**  
Luke Hamilton Carlson  
Winnebago County State's Attorney's Office  
400 West State St.; Ste. 619  
Rockford, IL 61101  
P: (815) 319-4706  
lcarlson@sao.wincoil.gov

/s/ Pamela M. Axmark  
paxmark@heylroyster.com

5442-686  
LMD/ERM/pma  
4729663